UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON
CIVIL CASE NO. 13-242-GFVT-JGW

PAUL ANTHONY JOHNSON                                 PETITIONER

V.

WARDEN ALAN BROWN                                    RESPONDENT

**REPORT & RECOMMENDATION**

On July 16, 2013, petitioner Paul Anthony Johnson filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Kentucky. Doc. 1. On July 31, 2013 Chief Judge McKinley ordered the petition to be transferred to this Court because the court in which petitioner was convicted lies within this Court. Doc. 3. Consistent with local practice, the matter has been referred the undersigned for initial consideration and a report and recommendation pursuant to 28 U.S.C. § 636(b).

Rule 4 of the *Rules Governing Habeas Corpus Cases Under Section 2254* provides for preliminary review by the court prior to serving the respondent with a copy of the motion and requiring a response. Rule 4 specifically instructs trial courts that "[i]f it plainly appears from the petition...that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Preliminary review by this Court mandates dismissal of the petition without requiring a response to be filed because the petition is barred by the one-year limitations period found in 28 U.S.C. §2244.

**I. Factual and Procedural History**

In January 2008, petitioner pleaded guilty to two counts of complicity to commit incest in the Bath Circuit Court, for which he was sentenced in March 2008 to six years' imprisonment.

Doc. 1-5. In exchange for petitioner's plea, the Commonwealth recommended that the trial court dismiss several other counts, including charges of incest, intimidating a participant in the legal process, two counts of first-degree sodomy and a charge that petitioner was a persistent felony offender in the second degree. In August 2008, petitioner filed a motion in state court to be excluded from having to complete a sex offender treatment program but his motion was denied. *See Johnson v. Commonwealth*, 2012 WL 967507, at *1 (Ky.App. Mar. 23, 2012); Doc. 1, p.3.

In October 2008, petitioner filed a motion for state post-conviction relief pursuant to Kentucky Rule of Criminal Procedure (RCr) 11.42. Doc. 1, p.4. The motion claimed petitioner's counsel was ineffective for failing to advise him (petitioner) properly regarding his parole eligibility. *Id.* The trial court denied the motion in October 2008. Doc. 1-6. Petitioner appealed but the appeal was dismissed in March 2009 due to petitioner's failure to file a timely notice of appeal.[1]

Petitioner then filed a motion to withdraw his purportedly involuntary guilty plea. The trial court denied that motion; petitioner appealed but that appeal was dismissed in December 2009 due to petitioner's failure to file timely a brief.[2] *See Johnson*, 2012 WL 967507, at *1. Petitioner then asked the trial court to order petitioner to be provided a copy of certain materials, including a copy of the transcript of the grand jury proceeding which resulted in the issuance of the superseding indictment which first charged petitioner with the complicity to commit incest charges. The Kentucky Department of Public Advocacy sent petitioner, among other things, a

---

[1]The docket sheet for that case may be found by entering case 2009-CA-130 into the search engine located at http://apps.courts.ky.gov/Appeals/COA_Dockets.shtm.

[2]The docket sheet for that case may be found by entering case 2009-CA-1280 into the search engine located at http://apps.courts.ky.gov/Appeals/COA_Dockets.shtm.

CD containing the grand jury proceedings in July 2010. Doc. 1-9, p.12.

In August 2010, petitioner filed a motion for post-conviction relief pursuant to Kentucky Rules of Civil Procedure (CR) 60.02. Doc. 1-11. Petitioner contended that he was innocent of the complicity to commit incest charge because he was not married at the time the alleged incest occurred. According to petitioner, Kentucky State Police Detective Larry Bowling testified before the grand jury in February 2007 that the incest had occurred about six months' previously. Because petitioner was not married until October 2006, petitioner contends he could not have committed conspiracy to commit incest in August 2006 (six months prior to Det. Bowling's February 2007 grand jury testimony). The trial court denied petitioner's CR 60.02 motion in May 2011. In March 2012 the Kentucky Court of Appeals affirmed, holding that the CR 60.02 motion was untimely and that it lacked merit even if it had been timely filed because the superseding indictment, to which defendant pleaded guilty, alleged that the incestuous acts occurred in February 2007 by which time petitioner was married. 2012 WL 967507, at *2. The Kentucky Supreme Court denied petitioner's motion for discretionary review in February 2013. Doc. 1-13. Petitioner filed the pending habeas petition in July 2013. Doc. 1.

**II. Analysis**

**A. Statute of Limitations**

Petitioner was sentenced on March 6, 2008 and did not file a direct appeal. RCr 12.04(3) affords defendants thirty days after entry of judgment to file an appeal, so the one-year period for filing a federal habeas petition began to run on or about April 7, 2008.[3] Because a motion to be

---

[3]Thirty days from March 6, 2008 was Saturday, April 5, 2008. Monday, April 7, 2008 is the next business day.

excused from participating in sex offender treatment does not qualify as a "properly filed application for State post-conviction or other collateral review"[4] sufficient to toll the limitations period, 179 days of the one-year limitations period had passed when petitioner filed his state RCr 11.42 motion on October 3, 2008, thereby tolling the one year period.[5]

The trial court denied the RCr 11.42 motion on October 10, 2008. Doc. 1-6. Petitioner's appeal was dismissed in March 2009 due to petitioner's failure to timely file a notice of appeal.[6] Accordingly, the time during which the appeal was pending is not a time during which a properly filed motion for post-conviction relief was pending. *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("we hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's . . . petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under §2244(d)(2)."). Thirty days from October 10,

---

[4] 28 U.S.C. §2244(d)(2).

[5] Petitioner's August 2008 motion to be excused from having to undergo sex offender treatment was not sufficient to toll the federal habeas clock as granting the motion would not have entitled petitioner to a new trial or other affirmative relief. The motion did not truly attack the validity of the judgment; instead it sought to excuse petitioner from undergoing treatment while incarcerated. Even if the Court leniently construed the motion regarding sex offender treatment as sufficient to toll of the limitations period, the present petition would still not be timely. Sixty days elapsed between August 4, 2008 and October 3, 2008, the date petitioner filed his RCr 11.42 motion and the date upon which the one-year limitations period began to be tolled. Construing the limitations period as having been tolled for those sixty days is insufficient to make the present petition timely.

[6] The online docket sheet for case 2009-CA-130 at the Kentucky Court of Appeals' website states that the trial court's judgment was entered on October 10, 2008 but petitioner did not file his notice of appeal until January 21, 2009. As stated previously, RCr 12.04(3) affords a party thirty days to appeal a criminal judgment. Since the appeal was manifestly not timely filed, the filing of the appeal (and the time between the filing of the appeal and the date the Kentucky Court of Appeals dismissed the appeal as having been untimely filed) did not toll the one-year time for seeking federal habeas relief.

2008 was Monday, November 10, 2008,[7] the day the one-year clock began to again tick.

The next substantive motion filed by petitioner in state court was his March 9, 2009 motion to withdraw his guilty plea. RCr 8.10 provides that "[a]t any time before judgment the court may permit the plea of guilty . . . to be withdrawn and a plea of not guilty substituted." Petitioner's motion to withdraw his guilty plea was filed slightly over one year after the judgment of conviction was entered by the trial court. The trial court denied petitioner's motion to withdraw his guilty plea on May 28, 2009. Petitioner's appeal was dismissed in December 2009 due to his having failed to file a brief. Because the motion to withdraw his guilty plea was clearly untimely filed, the filing of that motion and its pendency before the trial court and Kentucky Court of Appeals did not toll the federal habeas clock.

While his appeal of the denial of his motion to withdraw his guilty plea was still pending, on August 23, 2009 petitioner signed and placed his CR 60.02 motion in the mail. Doc. 1-11, p. 6. The filing of the CR 60.02 motion also did not toll the one-year limitations period because the Kentucky Court of Appeals held that the CR 60.02 motion was not timely filed. 2012 WL 967507, at *2. Even if the Court were to conclude that the filing of the untimely CR 60.02 motion tolled the clock, petitioner's federal habeas petition would still be untimely.

286 days passed between November 10, 2008 (thirty days after the trial court denied petitioner's RCr 11.42 motion) and August 23, 2009 (when petitioner filed his CR 60.02 motion). When those 286 days are added to the 179 days of the limitations period which had already been expended, a total of 465 days had passed. Sixty-two additional days passed

---

[7]Thirty days from October 10, 2008 was Sunday, November 9, 2008. Monday, November 10, 2008 was the next business day.

between the expiration of the time during which petitioner could have sought certiorari from the Kentucky Supreme Court's denial of discretionary review and the date petitioner filed the pending §2254 petition. All told, therefore, 527 days elapsed before petitioner filed his federal petition, even if the Court tolled the limitations period upon the filing of the untimely CR 60.02 motion.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner has only one-year in which to file a federal petition for writ of habeas corpus. *See* 28 U.S.C. §2244(d). District courts are permitted to consider *sua sponte* the timeliness of a state prisoner's habeas petition, so long as a petitioner is provided notice and an opportunity to show why the limitation does not bar the petition.[8] *See, e.g., Day v. McDonough,* 547 U.S. 198, 209-210 (2006). As previously noted, the petition is clearly time-barred as having been filed well outside the one-year limitations period.

However, the "one-year statute of limitations is not jurisdictional, [so] a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). Equitable tolling is "used sparingly by federal courts" and applies if "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quotation marks and citation omitted). Accordingly, "[a] habeas petitioner is entitled to equitable tolling only if he can make a two-part showing: (1) he has pursued his rights diligently; and (2) some extraordinary circumstance prevented timely filing." *Id.*

---

[8]This report and recommendation provides the requisite notice.

Petitioner has not shown true diligence in pursuing his rights, nor has he demonstrated how any extraordinary circumstance prevented him from timely filing his federal petition. From the record before the Court, it appears as if petitioner did not begin seeking the grand jury materials until late 2009, over a year and a half after his sentencing.

In addition, applying equitable tolling would be futile as petitioner's sole claim--actual innocence– is patently without merit. *See, e.g., Harvey v. Jones*, 179 Fed.Appx. 294 (6th Cir. 2006) (equitable tolling is appropriate upon a credible showing of actual innocence). Petitioner argues that he is actually innocent because he was not married to his wife until October 2006 and the detective testified in February 2007 before the grand jury that the incest occurred six months previously. In other words, petitioner contends the detective told the grand jury that the incest occurred in August 2006, about two months prior to petitioner's marriage.

The actual transcript of the detective's grand jury testimony is not in the record. Petitioner's self-created partial transcript, which the Court will accept as accurate solely for purposes of determining whether equitable tolling should apply, provides that Det. Bowling testified that petitioner's children had sex with petitioner's wife "about six months prior to February 22, 2007 . . . ." Doc. 1-10, p.2. Petitioner's argument to the contrary notwithstanding, Det. Bowling did not definitively state that the incest occurred exactly six months before February 2007. Instead, Det. Bowling testified far more generally that the incest occurred "about" six months before that date. In addition, as the Court of Appeals noted, the indictment–to which petitioner pleaded guilty–provides that the incest occurred "on or about [the] second day of February, 2007 . . . ." Doc. 1-4, p.1. Petitioner was therefore married at the time the indictment alleges that he committed the complicity to incest crimes for which he

7

pleaded guilty.

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED** that the petition for writ of habeas corpus [Doc. 1] be **denied** and that this case be dismissed without the necessity of requiring the Respondent to file a written response. The undersigned further recommends that a courtesy copy of this Report & Recommendation be served upon the Attorney General for the Commonwealth of Kentucky.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *see also U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 21st day of August, 2013.

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge