UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| PAUL ANTHONY JOHNSON, | ) | |
| | ) | Civil No. 13-242-GFVT |
| Petitioner, | ) | |
| | ) | **MEMORANDUM OPINION** |
| V. | ) | **&** |
| | ) | **ORDER** |
| WARDEN ALAN BROWN, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Before the Court is Magistrate Judge J. Gregory Wehrman's Report & Recommendation.

[R. 8.]  Petitioner Paul Anthony Johnson challenges his detention pursuant to 28 U.S.C. § 2254.

The Court will now ADOPT the Magistrate's recommendation.

**I**

In November 2007, a grand jury indicted Johnson on eight counts of sexually abusing his

two sons.  [R. 1-2.]  His superseding indictment included two counts of first-degree sodomy, two

counts of incest, one count of intimidating a participant in the legal process, one count of being a

second-degree persistent felony offender, and two counts of complicity to incest.  [*Id.* at 1-3.]

Johnson eventually "entered a guilty plea to the two counts of complicity to incest and, in

exchange for his guilty plea, the Commonwealth [of Kentucky] recommended [ ] dismiss[ing]

the remaining counts, and . . . sentence[d] Johnson to six years of imprisonment on both counts."

[R. 10-1 at 2.]

Johnson then filed a spate of unsuccessful motions and appeals in state court. [R. 1 at 3-16.] After exhausting his state remedies, he filed this § 2254 petition. [R. 8.] The crux of Johnson's claim is that the sexual contact between his sons and their stepmother—which formed the basis of the two "complicity to incest" charges—occurred two months before he married their stepmother, and thus the acts were not incestuous. [R. 1-1 at 11.] In support, he cites the grand jury testimony of Kentucky State Police Detective Larry Bowling. [R. 9-1.] Bowling apparently testified that, in an interview with Johnson conducted several months before, Johnson had "advised" him that certain sexual acts occurred "about (6) months prior to February 22, 2007," which would be around "August 22, 2006." [*Id.* at 2, R. 1-1 at 10.] Because Johnson states that he did not marry his sons' stepmother until "October 17, 2006," he believes Bowling's testimony proves that he is "actually innocent" of the crimes charged. [*Id.*]

In his R & R, Judge Wehrman recommended denying Johnson's petition. [R. 8 at 8.] He first determined that Johnson's motion was time-barred, and that equitable tolling was not appropriate without some credible showing of "actual innocence." [*Id.* at 3-7.] And as for "actual innocence," the Magistrate noted that "Det. Bowling did not definitively state that the incest occurred exactly six months before February 2007." [*Id.* at 7.] Instead, "he testified far more generally that the incest occurred 'about' six months before that date." [*Id.*] The Magistrate concluded that this ambiguous testimony could not trump the plain language of the indictment, which stated that the incest occurred "on or about [the] second day of February, 2007." [*Id.*] Because Johnson knowingly, intelligently, and voluntarily pled guilty to committing these acts "on or about" February 2007, the Magistrate found that Johnson's "actual innocence" claim failed. Johnson now objects to the Magistrate's recommendation.

2

**II**

**A**

Under Fed. R. Civ. P. 72(b)(2), a petitioner has fourteen days from the date of service to object to a magistrate's R & R.  To receive a *de novo* review by this Court, any objection to the recommended disposition must be specific.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic."  *Robert v. Tesson*, 507 F.3d. 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at *2 (6th Cir. 1997) (unpublished opinion)).  A general objection that does not identify specific issues from the magistrate's report is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy.  *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509. (6th Cir. 1991).

**B**

Johnson provides two specific objections to Judge Wehrman's recommendation.  First, he objects to the Magistrate's alleged conclusion "that petitioner's actual innocence claim is barred, unless equitable tolling applies."  [R. 9 at 1.]  That is not what the Magistrate said.  Judge Wehrman recognized that equitable tolling *would* apply if Johnson could make a credible showing of actual innocence, but then decided that he had failed to make such a showing.  [R. 8 at 7.]  This objection is meritless.

Second, Johnson objects to the Magistrate's finding that the indictment was "sufficient by alleging that these incest acts occurred [on] February 2nd, 2007."  [R. 9 at 2.]  He again argues that "[t]he date on the face of the indictment . . . cannot be reconciled with the information

Bowling testified to before the grand jury to obtain these two counts of complicity to incest."
[*Id.*]  There are two problems with this claim.  First, Bowling never testified that these acts
occurred on August 22, 2006.  He stated only that Johnson had previously "advised" him in an
interview that the acts occurred "about" six months before.  [R. 9-1 at 2.]  The transcript of this
interview reveals that Bowling asked Johnson, "So, it was about – that was six months ago that
(inaudible)," to which Johnson replied, "I'm guessing six months ago.  I mean, . . . I don't know,
Larry."  [R. 11-3 at 3.]  Bowling's ambiguous testimony—which he plainly based on Johnson's
equally vague recollection—is hardly proof of actual innocence.  And to the extent that this
ambiguity creates some uncertainty about the relevant date, there is a simple way to resolve this
confusion—look to the plain language of the indictment, which states that the acts occurred "on
or about [the] 2nd day of February, 2007, in Bath County, Kentucky."  [R. 1-2 at 1.]  Johnson
pled guilty to committing these acts on that date.  The Court finds no cause to second-guess his
voluntary plea.  *See, e.g., Vanwinkle v. United States*, 645 F.3d 365, 370 (6th Cir. 2011) (finding
defendant's "plea serves as an admission that he is not innocent of the crimes charged.") (internal
quotations and citation omitted).

And even if Johnson could prove that he is actually innocent of the "complicity to incest"
charges, that would not be enough to overturn his conviction.  In a habeas petition, "'actual
innocence' means factual innocence, not mere legal insufficiency."  *Bousley v. United States*,
523 U.S. 614, 623 (1998).  One consequence of this principle is that, "[i]n cases where the
Government has forgone more serious charges in the course of plea bargaining, petitioner's
showing of actual innocence must also extend to those charges."  [*Id.* at 624.]  In *Vosgien v.
Persson*, 742 F.3d 1131 (9th Cir. 2014), for example, a state grand jury indicted a defendant of

4

rape, sodomy, sexual abuse, and compelling prostitution.  *Id.* at 1133.  The *Vosgien* court noted

that, if "the State dismissed 'more serious charges' in exchange for securing [the defendant's]

guilty plea for the compelling prostitution counts," then the law required that he "also

demonstrate actual innocence for those charges."  *Id.* at 1136.  To hold otherwise would allow "a

petitioner [to] escape criminal liability because of a prosecutor's leniency in agreeing to

conviction on less serious, but now invalid, counts in obtaining the plea."  *Id.*

      The same reasoning applies here.  The state court record shows that Johnson "entered a

guilty plea to the two counts of complicity to incest and, in exchange for his guilty plea, the

Commonwealth [of Kentucky] recommended [ ] dismiss[ing] the remaining counts."  [R. 10-1 at

2.]  Those "remaining counts" included first-degree sodomy and incest.[1]  [R. 1-2 at 1-2.]

Johnson makes no attempt to challenge the factual basis for these charges.  To the contrary, he

attaches a state court record that graphically describes heinous acts of sexual abuse against his

---

[1] Johnson faced a maximum penalty of "10-20 years" for both (1) the most serious dismissed counts (first-degree sodomy and incest) and (2) the most serious count to which he pled guilty (complicity to incest with a minor).  [R. 9-1 at 4.]  But the *Bousely* rule still applies for three reasons.  First, many courts have held that a dismissed charge need only be "equally serious" in order to trigger this rule.  *See, e.g., United States v. Caso*, 723 F.3d 215, 221–22 (D.C. Cir. 2013) (noting that the two counts at issue in *Bousley* carried identical statutory maximums and this "suggests that [the Court] intended the actual innocence requirement to extend to 'equally serious' charges."); *Lewis v. Peterson*, 329 F.3d 934, 937 (7th Cir. 2003) ("The logic of the *Bousley* opinion does not require that the charge that was dropped or forgone in the plea negotiations be more serious than the charge to which the petitioner pleaded guilty.  It is enough that it is as serious.").  Second, the maximum penalty for *all* the dismissed counts, if applied consecutively, would be at least 55 years, while the maximum penalty for the pleaded counts was only 30 years.  [R. 9-1 at 4.]  This cumulative impact rendered the dismissed counts more serious.  *See, e.g., United States v. Scruggs,* 714 F.3d 258, 265–66 (5th Cir. 2013) (holding that courts should evaluate seriousness "by cumulating the statutory maximums for all of the forgone counts and all of the pleaded counts . . . before and after the plea, not by comparing the highest single maximum sentence on each side."); *Peveler v. United States*, 269 F.3d 693, 700 (6th Cir. 2001) ("The two firearm counts in the original indictment, when viewed in combination, are . . . 'more serious' than the one firearm count in the superseding information.").  Third, Johnson waived any challenge to this Court's application of the rule by failing even to address the issue.  *See Peveler*, 269 F.3d at 700 ("[The defendant] now argues that the two firearm counts in the original indictment are not 'more serious' than the firearm count in the superseding information. But he did not raise this argument below, and it is therefore waived.").

children.  [R. 11-2 at 1-2.]  The Court will not allow Johnson to "escape criminal liability" by exploiting a state "prosecutor's leniency in agreeing to conviction on less serious" counts. *Vosgien*, 742 F.3d at 1131; *see also Vanwinkle*, 645 F.3d at 369 (denying habeas petition premised on actual innocence because defendant had failed to argue, "let alone demonstrate, his actual innocence to the 'more serious' charges in the indictment.").

### III

Johnson fails to show that he is actually innocent of either (1) the pleaded counts or (2) the additional charges that the prosecution dismissed in the course of plea negotiations.  The Court likewise finds that "reasonable jurists" would not "find the district court's assessment of [his claims] debatable or wrong." [2]  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Accordingly, the Court **HEREBY ORDERS** as follows:

1.     The Magistrate's Recommended Disposition **[R. 8]** as to Paul Anthony Johnson is **ADOPTED** as and for the Opinion of the Court;

2.     Johnson's petition **[R. 1]** is **DISMISSED WITH PREJUDICE;**

3.     A Certificate of Appealability is **DENIED**;

4.     Johnson's Motion to Submit for Ruling **[R. 14]** is **DENIED AS MOOT**; and

**5**.     **JUDGMENT** in favor of the Respondent will be entered contemporaneously herewith, and this action is **STRICKEN** from the Court's active docket.

---

[2] Although the Magistrate did not address this in his R & R, Johnson ends his habeas petition by requesting an evidentiary hearing and the appointment of counsel.  The Court will deny that request for all the reasons stated in this order.  *See Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (holding that an evidentiary hearing is not required if "the record conclusively shows that the petitioner is entitled to no relief."); *Knaubert v. Goldsmith,* 791 F.2d 722, 728 (9th Cir.1986) ("[T]he sixth amendment right to counsel does not apply in habeas corpus actions.").

This 12th day of August, 2016.

Gregory F. Van Tatenhove
United States District Judge